NUESSE, Commissioner of Banks, Appellant, v. HOME LOAN COMPANY, INC., Respondent.

*March 30—April 28, 1964.*

474

476

For the appellant the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the briefs was *George Thompson,* attorney general.

For the respondent there was a brief by *Rieser, Stafford, Rosenbaum & Rieser* of Madison, and oral argument by *William Rosenbaum.*

A brief *amicus curiae* was filed by *Foley, Sammond & Lardner,* attorneys, and *Herbert P. Wiedemann* and *Maurice J. McSweeney* of counsel, all of Milwaukee, for the Beneficial Finance Company of Wisconsin.

FAIRCHILD, J. Sec. 214.03, Stats., provides that the state banking department shall issue a small-loan license to the applicant if it shall find:

"(1) That the applicant has filed the required application and bond and paid the required fees.

"(2) That the financial responsibility, experience, character and general fitness of the applicant, . . . are such as to

command the confidence of the community and to warrant belief that the business will be operated honestly, fairly and efficiently within the purposes of this chapter.

"(3) That allowing such applicant to engage in business will promote the convenience and advantage of the community in which the business of the applicant is to be conducted."

The commissioner considered that the applicant met the first two requirements but found that the issuance of the license would not "promote the convenience and advantage of the community."

The legislature has established a five-member consumer credit review board to counsel and advise the commissioner of banks and to review his acts and decisions under several provisions of the statute, including ch. 214, Stats.[1] The board is part of the banking department. The final orders and determinations of the consumer credit review board are subject to judicial review as provided in ch. 227 (the Administrative Procedure Act).[2] In reviewing orders of the commissioner, the board is to exercise the powers granted to the banking review board under sec. 220.035 (2). That subsection provides in part:[3]

"The board shall base its determination upon the record made by the commissioner and may also receive additional evidence to supplement such record if it finds it necessary. The board shall affirm, modify or reverse the act, order or determination under review. The burden of overcoming the act, order or determination of the commissioner under review shall be on the person seeking the review. Any findings of fact made by the commissioner shall be sustained if supported

---

[1] Sec. 220.037, Stats.

[2] Secs. 214.11 and 220.037 (7), Stats.

[3] Sec. 220.035 (2) (c), Stats. Sec. 220.037 (7) provides that "In performing such review functions, the board shall have all the powers granted to the banking review board under section 220.035 (2), . . ."

by substantial evidence in the record made by him or in such record supplemented by evidence taken by the board."

Under this somewhat-unusual division of duties within an administrative department, the function of the board is to determine whether, on the basis of the record before the commissioner and any supplementary evidence presented at the hearing, the findings of fact made by the commissioner are sustained by substantial evidence. The burden of showing the lack of substantial evidence is on the party attacking the order. The board in reviewing the denial of the application of Home Loan did not determine whether the commissioner's findings were sustained by substantial evidence. Instead (as pointed out by the minority of the board), it substituted its own findings for those of the commissioner.

We now consider whether the commissioner's findings were sustained by substantial evidence.

This court recently stated: [4]

" '[T]he term "substantial evidence" should be construed to confer finality upon an administrative decision on the facts when, upon an examination of the entire record, the evidence, including the inferences therefrom, is found to be such that a reasonable man, acting reasonably, *might* have reached the decision; but, on the other hand, if a reasonable man, acting reasonably, *could not* have reached the decision from the evidence and its inferences then the decision is not supported by substantial evidence and it should be set aside.' "

The report of the investigator showed a marked decrease in the number and dollar amount of ch. 214 loans made by Wausau companies since 1953. At the same time the number and dollar amount of discount loans substantially increased. The continuing increase in population, business, industry, etc., in the area did not reflect itself in an increase

---

[4] *Copland v. Department of Taxation* (1962), 16 Wis. (2d) 543, 554, 114 N. W. (2d) 858.

of ch. 214 loans. Apparently the trend is away from loans of $300 or less, and there is nothing to show that applicants who do need loans of that size would be better able to obtain them if there were five rather than four licensees in Wausau. In proportion to population, there are more small-loan licensees in Wausau than in the state as a whole or in most of the larger communities. The commissioner's findings that the loan facilities in the area were more than adequate to meet the demand and that the granting of an additional license would "not promote the convenience and advantage of the community in which the business of the applicant is to be conducted" are supported by substantial evidence.

The learned circuit judge was apparently of the opinion that the commissioner was applying the standard of "convenience and advantage" too strictly in reasoning that if the existing facilities were more than adequate, an additional license would not promote convenience and advantage. We are unable, however, to agree that the commissioner's decision was based upon an erroneous construction of the statute.

*By the Court.*—Judgment reversed, and cause remanded for entry of judgment reversing the order of the consumer credit review board.

DIETERICH, J. (*dissenting*). I must respectfully dissent from the decision of the majority. The majority opinion is based upon a determination that the finding of the commissioner that the existing small-loan facilities in Wausau are more than adequate to meet the demand is supported by substantial evidence. The record abounds with statistical data revealing substantial population and economic growth in the Wausau area in recent years. An investigation report submitted to the commissioner which is a part of the record includes detailed studies of national, state and local economic

conditions, industrial-growth statistics, employment and earnings figures for the Wausau area, local retail-trade statistics, population-growth factors, local business expansion, and construction statistics for the Wausau area, etc. While it is true that the record also reveals a decrease in small loans under ch. 214, Stats., the scope of the court's review powers embrace the record as a whole, and it is not proper for a court to merely consider isolated testimony, which, if standing alone, would be sufficient to sustain or reverse the findings of the agency. *Motor Transport Co. v. Public Service Comm.* (1953), 263 Wis. 31, 45, 56 N. W. (2d) 548. See also *Universal Camera Corp. v. National L. R. Board* (1951), 340 U. S. 474, 71 Sup. Ct. 456, 95 L. Ed. 456.

In arriving at its decision to reverse the order of the commissioner, the consumer credit review board had before it all the aforementioned evidence. Under sec. 227.20 (1) (d), Stats., the board's decision must be affirmed unless it is unsupported by substantial evidence in view of the entire record. I am of the opinion that there is substantial evidence in the record which supports the decision of the board.

I would therefore affirm the judgment of the circuit court. I am authorized to state that Mr. Justice HALLOWS and Mr. Justice GORDON join in this dissenting opinion.